FILED
DALLAS COUNTY
1/3/2018 3:13 PM
FELICIA PITRE
DISTRICT CLERK
Nikiya Harris

1 CIT/ ESERVE

CAUSE NO. DC-18-00083

| | | |
|---|---|---|
| IDANIA GRISELDA MUNOZ VILLATORO AND KELVIN ANTONIO MUNOZ VILLATORO, *Plaintiffs,* | § § § § § | IN THE DISTRICT COURT |
| vs. | § § | _____ JUDICIAL DISTRICT |
| JB HUNT TRANSPORTATION INC., *Defendant.* | § § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs IDANIA GRISELDA MUNOZ VILLATORO AND KELVIN ANTONIO MUNOZ VILLATORO ("Plaintiffs"), complaining of and against Defendant JB HUNT TRANSPORTATION INC. ("Defendant"), and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs will submit this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II. RELIEF

Plaintiffs seeks monetary relief of over $100,000 but not more than $200,000.

### III. JURISDICTION

This Court has jurisdiction as Plaintiffs's damages sought are within the jurisdictional limits

EXHIBIT

A

of this Court.

## IV.
## VENUE

Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to Plaintiffs's claims occurred in Dallas County, TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002(a)(1) and (2) and § 15.005.

Venue is proper in Dallas County because the plaintiffs reside in Dallas.

## V.
## SERVICE

Plaintiffs IDANIA GRISELDA MUNOZ VILLATORO AND KELVIN ANTONIO MUNOZ VILLATORO ("QUIJANO") are domiciled in Dallas County, Texas.

Defendant JB HUNT TRANSPORTATION INC. is a Corporation that can be served with process through its registered agent CORPORATION SERVICE COMPANY, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever defendant may be found. **Issuance of citation is requested at this time.**

Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Plaintiffs through Defendant's respective officers, directors, vice-principals, agents, servants, and/or employees.

Plaintiffs's ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE-MS

Page 2

## VI.
## JURY DEMAND

Plaintiffs respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

Plaintiffs would respectfully show this Court that on or about March 4, 2017; Plaintiffs were traveling westbound on I45 on the right lane in a gray 2003 Honda Accord. Defendant UNKNOWN DRIVER was also traveling westbound on I45 on the left lane next to the plaintiffs. Defendant UNKNOWN DRIVER, suddenly began getting into the plaintiffs lane colliding into plaintiffs back side which caused plaintiffs to lose control of her vehicle and therefore spun and crashed into the concrete barrier of the I45 westbound lanes.

Moreover, Defendant UNKNOWN DRIVER failed to act and keep such a lookout as a reasonably prudent person would have under the same or similar circumstances. At all times Defendant UNKNOWN DRIVER failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstances. Such failures constituted the negligence and negligence *per se* that proximately caused Plaintiffs's injuries and damages.

## VIII.
## DEFENDANT JB HUNT TRANSPORTATION INC., NEGLIGENCE
### (A) Vicarious Liability

At all times relevant to the incident in question Defendant UNKNOWN DRIVER, was Defendant JB HUNT TRANSPORTATION INC's, employee, and acting within, and in furtherance of, his employer's business. Therefore, Defendant JB HUNT TRANSPORTATION INC. is vicariously liable for Defendant UNKNOWN DRIVER's negligence under the doctrine of respondeat superior.

### (B) Negligent Entrustment

Defendant JB HUNT TRANSPORTATION INC. failed to use the ordinary care that a person of ordinary prudence should have used under same or similar circumstance and said failure constituted negligence by negligently entrusting its vehicle to Defendant UNKNOWN DRIVER when it knew, or should have known, that Defendant UNKNOWN DRIVER was an unfit or incompetent driver. Defendant JB HUNT TRANSPORTATION INC.'s entrustment was also a proximate cause of the incident in question and Plaintiffs's injuries and damages.

### (C) Negligent Hiring, Training, Retention and Supervision

Defendant JB HUNT TRANSPORTATION INC. failed to perform adequate background checks on Defendant UNKNOWN DRIVER to determine UNKNOWN DRIVER's fitness to drive JB HUNT TRANSPORTATION INC.'s vehicles. It also failed to adequately train UNKNOWN DRIVER on safe driving. Moreover, it failed to properly supervise UNKNOWN DRIVER's hours of operation, competency as driver, and compliance with safety policies and procedures. Furthermore, it retained UNKNOWN DRIVER as driver despite UNKNOWN DRIVER's unfitness, lack of training and noncompliance with safety polices and procedures. Defendant JB HUNT TRANSPORTATION INC. failed to act with the ordinary care that a person of ordinary prudence would have acted under same or similar circumstances. Such failure constituted negligence and said negligence was also a proximate cause of the incident in question and Plaintiffs's personal injuries and damages.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiffs's personal injuries and damages that are described further below.

IX.

## NEGLIGENCE OF DEFENDANT UNKNOWN DRIVER

Defendant UNKNOWN DRIVER 's conduct was the proximate cause of Plaintiffs sustaining personal injuries in that said Defendant's acts or omissions constituted negligence and/or negligence *per se* in the following acts, to wit:

a.  In failing to exercise due care to avoid colliding with a pedestrian on a roadway in violation of Texas Transportation Code §552.008(1);

b.  In failing to turn the direction of the vehicle away from the Plaintiffs, in order to avoid the accident;

c.  As the operator of a vehicle involving a personal injury or death, for breaching the duty to give information and render aid, in violation of Texas Transportation Code § 550.023;

d.  In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

e.  In failing to act as a reasonably prudent person would have under the same or similar circumstances;

f.  In failing to exercise due care to avoid the accident;

g.  In failing to sound horn or warn Plaintiffs prior to the accident in violation of Texas Transportation Code §552.008;

h.  In causing an accident involving personal injuries or death in violation of Texas Transportation Code § 550.021;

i.  In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

j.  In driving recklessly, in violation of Texas Transportation Code § 545.401;

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiffs sustaining injuries and damages that are described below. As a result, Plaintiffs cause of action arises out of a basis of law, thus entitling Plaintiffs to the relief

sought.

## X.
## INJURIES - PRESENT AND FUTURE MEDICAL

As a direct and proximate result of the negligence of the Defendant, Plaintiff IDANIA GRISELDA MUNOZ VILLATORO suffered severe overwhelming injuries to his left foot, including conscious mental and physical torment. Plaintiff has suffered injuries and specifically sues for the following legal damages:

   a. Medical expenses in the past and future;

   b. Physical pain and suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Property damage and Loss of Use;

   f. Lost wages and loss of earning capacity in the past and future;

   g. Physical impairment in the past and future.

As a direct and proximate result of the negligence of the Defendant, Plaintiff KELVIN ANTONIO MUNOZ VILLATORO suffered severe overwhelming injuries to his left foot, including conscious mental and physical torment. Plaintiff has suffered injuries and specifically sues for the following legal damages:

   a. Medical expenses in the past and future;

   b. Physical pain and suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

e.     Property damage and Loss of Use;

f.     Lost wages and loss of earning capacity in the past and future;

g.     Physical impairment in the past and future.

## XI.
## EXEMPLARY DAMAGES

The conduct of the Defendant JB HUNT TRANSPORTATION INC., entitles the
Plaintiffs to recover exemplary damages, under TEX. CIV. PRAC. & REM. CODE ANN. §
41.003, against Defendant . The harm with respect to which Plaintiffs seeks recovery of
exemplary damages was the direct result of Defendant's gross negligence, as such terms are
defined by law. Defendant's owed a legal duty to Plaintiffs to adhere to the regulations of the
Texas Transportation Code defined hereinabove. Defendant, however, breached that duty to
Plaintiffs as indicated herein. Resultantly, Defendant's breach of duty, as a motorist in Texas,
proximately caused injuries and damages to Plaintiffs.

The acts or omissions of Defendant's involved an extreme degree of risk, considering the
probability and magnitude of the potential harm to others, such as Plaintiffs. Defendant had
actual subjective awareness of the risks involved in Defendant's inattentive driving, failure to
maintain a lookout for pedestrian, coupled with Defendant's disregard for basic rules of the road,
but nevertheless proceeded in such an entire want of care as could have resulted only from the
conscious indifference of the rights and safety or welfare of others. By reason of such conduct,
Plaintiffs are entitled and hereby sue for exemplary damages, in an amount sufficient to punish
and deter Defendant's and others like them from such conduct in the future. Plaintiffs therefore
will seek damages, in an amount to be determined by the trier of fact, commensurate with:

1. the nature of the wrong committed by Defendant's;

2. the inhumane character of Defendant's course of conduct;

3. the degree of culpability of the wrongdoers herein;

4. the helpless and dependent nature of the victim in this case; and

5. the severity, frequency, degree, and extent to which such conduct described hereinabove offends a public sense of justice and propriety.

## XII.
## NOTICE OF USE OF DOCUMENTS

Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby gives notice to Defendant that intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Defendant's be cited to appear and answer herein, and that upon final trial, Plaintiffs be awarded judgment against Defendant's for the following:

a. Medical expenses in the past and future;

b. Physical pain and suffering in the past and future;

c. Mental anguish in the past and future;

d. Physical impairment in the past and future;

e. Property damage and Loss of Use;

f. Lost wages and loss of earning capacity in the past and future;

g.    Exemplary damages;

h.    Pre and post Judgment interest at the maximum legal rate;

i.    Costs of Court; and

j.    Such other and further relief, at law or in equity, to which Plaintiffs may

      be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By:    /s/ James Trujillo
       James Trujillo
       State Bar No. 24056453
       E-Mail: David@dgley.com
       E-Service: Dallasoffice@dgley.com

400 S. Zang Blvd.
6th Floor, Suite 600
Dallas, Texas 75208
Telephone:    (214) 941-8300
Facsimile:    (214) 943-7536

**ATTORNEY FOR Plaintiffs**